AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Massachusetts | |
|---|---|---|
| Name<br>Mark A. Tassone | Prisoner No.<br>W58591 | Case No. |

Place of Confinement
Souza-Baranowski Correctional Facility in Shirley, Massachusetts

04 10178 RCL

| Name of Petitioner (include name under which convicted) | | Name of Respondent (authorized person having custody of petitioner) |
|---|---|---|
| Mark A. Tassone | V. | Superintendant Edward Ficco |

The Attorney General of the State of: Massachusetts

## PETITION

1. Name and location of court which entered the judgment of conviction under attack
   Middlesex Superior Court in Cambridge, Massachusetts

   MAGISTRATE JUDGE *Alexander*

2. Date of judgment of conviction   5/12/1995

3. Length of sentence   not less than ten years; not more than fifteen years

4. Nature of offense involved (all counts)
   Count 1: Rape
   Count 2: Assault and Battery (filed after verdict; no sentence imposed)

5. What was your plea? (Check one)
   (a) Not guilty    ☑
   (b) Guilty    ☐
   (c) Nolo contendere    ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury    ☑
   (b) Judge only    ☐

   AMOUNT $ 5   53403
   SUMMONS
   LOCAL    N/A
   WAI

7. Did you testify at the trial?
   Yes ☑    No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☑    No ☐

   tony
   1-26-04

(2)

AO 241  (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court   Massachusetts Appeals Court

   (b) Result   Conviction affirmed

   (c) Date of result and citation, if known   June 11, 1998; unpublished opinion under Rule 1:28

   (d) Grounds raised
       1. Trial court should have conducted individual voir dire of prospective jurors.
       2. Defendant was improperly denied access to certain confidential records.
       3. Defendant's use at trial of certain other confidential records was improperly restricted.

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

       (1) Name of court

       (2) Result

       (3) Date of result and citation, if known

       (4) Grounds raised

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

       (1) Name of court

       (2) Result

       (3) Date of result and citation, if known

       (4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes  ☑   No  ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court   Middlesex Superior Court

        (2) Nature of proceeding
            Motion for new trial

        (3) Grounds raised
            Ineffective assistance of trial counsel by reason of: 1) failure to seek production of certain confidential records from a Rhode Island hospital; and, 2) failure to use at trial certain other con-

(3)

AO 241   (Rev. 5/85)

fidential records which were available.

 (4) Did you receive an evidentiary hearing on your petition, application or motion?
  Yes ☐   No ☑

 (5) Result  Motion denied

 (6) Date of result  January 24, 2001 (appeal denied August 7, 2002; Application for Further Review denied by Supreme Judicial Court on October 30, 2002.

(b) As to any second petition, application or motion give the same information:

 (1) Name of court

 (2) Name of proceeding

 (3) Grounds raised

 (4) Did you receive an evidentiary hearing on your petition, application or motion?
  Yes ☐   No ☐

 (5) Result

 (6) Date of result

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
 (1) First petition, etc.  Yes ☑   No ☐
 (2) Second petition, etc. Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
  CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241   (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one:

Trial attorney failed use certain confidential psychological records, which the court had made available to him, in order to impeach the credibility of the complaining witness.

Supporting FACTS (state *briefly* without citing cases or law):

Petitioner has never known the specific content of those confidential records. Present counsel will file a separate memorandum detailing such content, subject to such orders as this court may make on a Motion to Impound such material

B. Ground two:

Those psychological records made available to my trial counsel referred to other records from a Rhode Island hospital which promised to be very useful at trial, but my trial counsel abandoned efforts to obtain them by legal process, despite a preliminary ruling that they were relevant.

Supporting FACTS (state *briefly* without citing cases or law):

Petitioner has never known the nature of the references or the nature of the material to be expected from the Rhode Island hospital. Present counsel will file a separate memorandum detailing such material, subject to such orders as may be made pursuant to a Motion to Impound.

AO 241    (Rev. 5/85)

    C.  Ground three:

        Supporting FACTS (state *briefly* without citing cases or law):

    D.  Ground four:

        Supporting FACTS (state *briefly* without citing cases or law):

13.  If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
     Yes ☐   No ☑

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a)  At preliminary hearing
        (no hearing prior to arraignment in Superior Court)

    (b)  At arraignment and plea
        George T. O'Brine of Salem, MA and JoAnn Donovan of East Cambridge, MA; both appointed through Mass Public Council Services.

(6)

AO 241 (Rev. 5/85)

   (c) At trial
      Frank P. Marchetti; formerly of Somerville, MA; now deceased; also appointed through Mass Public Counsel Services.

   (d) At sentencing
      The same Frank P. Marchetti.

   (e) On appeal
      Russell J. Redgate of West Barnstable, Massachusetts (present counsel); also appointed through Mass Public Counsel Services.

   (f) In any post-conviction proceeding
      The same Russell J. Redgate

   (g) On appeal from any adverse ruling in a post-conviction proceeding
      The same Russell J. Redgate

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☑
   (a) If so, give name and location of court which imposed sentence to be served in the future:

   (b) Give date and length of the above sentence:

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

1/23/04
Date

_____
Signature of Petitioner

(7)