UNITED STATES OF AMERICA

District of Massachusetts

Case No.

04 10178 RCL

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Mark A. Tassone          *   Petitioner's Motion
                         *   to Impound Confidential
v.                       *   Material
                         *
Superintendent Edward Picco  *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Now comes the Petitioner, Mark A. Tassone, by his attorney, pursuant to Local Rule 7.2, and requests leave of this court to file a Memorandum in Support of his Petition for a Writ of Habeas Corpus containing excerpts from the Confidential Psychological Records of the complaining witness, which are the subject of Massachusetts court orders, and to have such Memorandum impounded by order of this court.

Petitioner further requests that such impoundment order <u>not expire</u> at any particular time, <u>but remain in effect until further order of this court</u>.

As reason therefore, the Petitioner states that his Petition alleges ineffective assistance of trial counsel by reason of a failure to properly use at trial certain confidential records which were available to him, and also by reason of a failure to seek additional records from a Rhode Island hospital mentioned in those records which were available. It would be impossible to evaluate the merits of such a claim without reference to specific portions of those records. But Petitioner himself has never known the specific content of such records. The records were made available to his attorneys under the provisions of several Orders of the Middlesex Superior Court. A

representative Order is attached. The other Orders are virtually identical. The reason there are several such orders is that confidential material from a number of medical facilities was received by the court at various times and was screened by different judges of the Superior Court, in accordance with *Commonwealth v. Bishop*, 416 Mass. 169 (1993), for relevance. Some portions were found relevant and made available to the defense lawyers and prosecutors. Other portions were found not relevant.

The undersigned attorney hereby certifies that the confidential material he proposes to submit consists of three pages, which he himself complied from his own notes (the court orders did not permit photocopying). This same material, in exactly the same form, was submitted to the trial court on the Motion for New Trial, and to the Massachusetts Appeals Court, and finally to the Supreme Judicial Court of Massachusetts. The undersigned also proposes to submit portions of the argument presented to the Supreme Judicial Court, in connection with an Application for Further Appellate Review, showing how this confidential material might have been used at trial, and showing also what the records of the Rhode Island hospital might reasonably be expected to contain and how that material might have been used at trial.

For the Petitioner,

Jan. 23, 2004
date

Russell J. Redgate
BBO # 414 240
Post Office Box 82
West Barnstable, MA 02668
(508) 362-6607