UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARK A. TASSONE,<br>  Petitioner, | )<br>)<br>)<br>) |  |
| v. | ) | Civil Action No. 04-10178-RCL |
| EDWARD FICCO,<br>  Respondent. | )<br>)<br>)<br>)<br>) |  |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS**

Petitioner Mark Tassone, convicted of rape and assault and battery in 1995, seeks to challenge his conviction via a writ of habeas corpus. The petition is untimely and must be dismissed. Under 28 U.S.C. § 2244(d)(1), which provides a one-year statute of limitations for habeas corpus petitions, the time to file this petition expired no later than July 29, 1999, four and a half years before the petition was, in fact, filed. Any possible tolling of the statute of limitations by the pendency of Petitioner's new trial motion in state court is clearly insufficient to save the petition, since more than a year elapsed both before the new trial motion was filed, and after it was finally resolved.

**I.      Prior Proceedings**

On August 25, 1993, Petitioner was indicted on charges of rape, in violation of Mass. Gen. L. Ch. 265, § 22, and assault and battery, in violation of Mass. Gen. L. Ch. 265, § 13A. *See* Petition, Paper No. 1, [Hereinafter "Pet."] at ¶ 4, Docket Sheets, Supplemental Appendix [Hereinafter "Supp. App."] at SA 5, Appeals Court Opinion, Supp. App. at SA 20. Following a jury trial in Middlesex County Superior Court, Petitioner was convicted on both counts on May 12, 1995. Supp. App. at SA 10. The court sentenced Petitioner to a term of 10 to 15 years imprisonment on the rape

conviction, and filed the assault and battery charge with Petitioner's consent. *Id.* Petitioner appealed to the Massachusetts Appeals Court, which affirmed the convictions on June 11, 1998. Pet. at ¶ 9(c); Supp. App. at SA 16. Petitioner did not seek further direct review of the convictions. Pet. at ¶ 9(e)-(f).

Nearly two years later, on April 21, 2000, Petitioner initiated a collateral challenge to the convictions by filing a new trial motion in the trial court. Supp. App. at SA 12; Pet. at ¶ 11. The court denied the motion on January 24, 2001. Supp. App. at SA 13; Pet. at ¶ 11(a)(6). Petitioner appealed the denial to the Appeals Court on February 13, 2001, and the court affirmed the denial of the motion on August 7, 2002. Supp. App. at SA 13, 17-22. Petitioner sought rehearing on August 20, 2002, and the Appeals Court denied the request on September 9, 2002. Supp. App. at SA 18. Petitioner sought further appellate review of the denial of the new trial motion in the Supreme Judicial Court on September 16, 2002, and the Court denied the application on October 30, 2002. Supp. App. at SA 23.

Fifteen months later, on January 27, 2004, the instant petition for habeas corpus was filed.

**II.    The Time to File this Petition Expired July 29, 1999**

Petitions for habeas corpus by persons in custody pursuant to a judgment of a State court must be filed no later than one year after the date the judgment became final by the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A). Here, the limitations period began to run no later than July 29, 1998, the last day on which Petitioner could have sought further appellate review of his

convictions in the Supreme Judicial Court.[1]  The limitations period thus expired on July 29, 1999, four and a half years before this petition was filed, on January 27, 2004.

**III.    Any Tolling Was Insufficient to Make the this Petition Timely**

The one-year statute of limitations for habeas corpus petitions is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2).  Here Petitioner's new trial motion was pending, at most, from April 21, 2000–when it was filed in the trial court–to October 30, 2002, when the Supreme Judicial Court rejected Petitioner's application for further appellate review.  Thus, the statute of limitations expired approximately nine months before any tolling due to the pendency of the new trial motion could have begun.  Moreover, even if the new trial motion had been a tolling event, any tolling ended no later than October 30, 2002, more than a year before the instant petition was filed.  Of the nearly sixty-six months between the conclusion of direct review in this case and the filing of this petition, Petitioner's new trial motion was pending for, at most, slightly more than thirty months.  Any tolling of the statute of limitations here was insufficient to make this petition timely.

---

[1] Under Mass. R. App. Proc. 27.1(a), Petitioner had twenty days from the issuance of the Appeals Court's rescript to seek further appellate review.  The rescript issued on July 9, 1998.  Supp. App. at SA 16.

**Conclusion**

The one-year statute of limitations for filing this petition began to run no later than July 29, 1998. Even giving petitioner the maximum possible benefit of the statute's tolling provisions, this petition was untimely by more than two years, and must therefore be dismissed, pursuant to 28 U.S.C. 2244(d)(1)(A).

For these reasons, respondent respectfully suggests that his Motion to Dismiss should be allowed, and that the petition be dismissed with prejudice.

>Respectfully submitted,
>
>THOMAS F. REILLY
>ATTORNEY GENERAL
>
>/s/ David M. Lieber
>David M. Lieber (BBO# 653841)
>Assistant Attorney General
>Criminal Bureau
>One Ashburton Place
>Boston, Massachusetts  02108
>(617) 727-2200 ext.2827

Dated: February 25, 2004